UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22914-CIV-GOODMAN

[CONSENT CASE]

HECTOR RIVERO,

    Plaintiff,

v.

MEDALLION CONTAINER
NURSERIES, et al.,

    Defendants.
_____/

### ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

This matter is before the Court on the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice. [ECF No. 26]. For the reasons outlined below, the parties' joint motion is **GRANTED**, the settlement agreement is approved, and this case is dismissed with prejudice, though the Court will maintain jurisdiction for ninety days to enforce the terms of the settlement, if necessary.

In general, the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA")[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697

---

[1] 29 U.S.C. § 201 *et seq.*

(1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court reviewed the terms of the settlement agreement, which the parties filed as Exhibit A to their Joint Motion. [ECF No. 26, pp. 4-12]. The Court considered the factors outlined in *Lynn's Food Stores*, and also considered the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The Plaintiff alleged that the Defendants failed to pay overtime for hours worked in excess of forty hours weekly, and also that the Defendants failed to pay the Plaintiff minimum wage. The Defendants, who have denied liability, have agreed to pay the Plaintiff more than they believe he is due under the law. Both parties have agreed to settle as a result of reasonable strategic and financial considerations, including in order to avoid the costs and uncertainty of litigation. In addition, the Undersigned has reviewed the amount of settlement proceeds that Plaintiff will receive versus the amount of settlement proceeds that Plaintiff's counsel will receive, as well as Plaintiff's counsel's billing and costs records, which were filed as a Supplement to the Motion [ECF No. 28], and finds that the division of settlement proceeds is fair and reasonable.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms

of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, November 24, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record